**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| DONNA HENRITZE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:04-cv-0404-SEB-VSS |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) ) ) | |
| Defendant. | ) | |

**Entry Discussing Application for**
**Attorney Fees under the Equal Access to Justice Act**

This action for judicial review of the Commissioner's disability determination was remanded because the decision failed to address certain evidence and mistakenly included a decision regarding the plaintiff's credibility based on only the objective evidence, without any explanation and examination of her subjective complaints.

The plaintiff has now filed a petition for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").

**I.**

The EAJA provides that a district court may award attorney's fees where: (1) the claimant is a "prevailing party"; (2) the government was not substantially justified; (3) no "special circumstances make an award unjust"; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. § 2412(d)(1)(A), (B).

The plaintiff here is the prevailing party, no "special circumstances" are alleged, and the fee application was timely. The only question remaining is whether the Commissioner's position was substantially justified.

The Commissioner's position is substantially justified if her conduct has a "reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." *Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir. 1994) (quoting *Pierce v. Underwood,* 487 U.S. 552, 566 n.2 (1988)). In *Underwood*, the Court noted that

> a position can be substantially justified even though it is not correct, and we believe that it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*Id.* at 566 n.2. Thus, the mere fact that the Commissioner does not prevail in litigation does not mean that the Commissioner acted without substantial justification. *Smith,* 663 F. Supp. at 61; *Brouwers v. Bowen,* 823 F.2d 273, 275 (8th Cir. 1987) (substantial justification standard is a lesser criterion than the substantial evidence standard). The Commissioner bears the burden of proving that her position was substantially justified. *Marcus,* 17 F.3d at 1036. "EAJA fees may be awarded if either the government's pre-litigation conduct or its litigation position are not substantially justified. A decision by an ALJ constitutes part of the agency's pre-litigation conduct. *Sutton v. Chater,* 944 F.Supp. 638, 639 (N.D.Ill. 1996).

The Commissioner's decision in this action was deficient in not sufficiently addressing the February 28, 2002, medical report of Dr. Horn, the plaintiff's treating rheumatologist. The decision also failed to discuss the plaintiff's credibility in relation to her symptoms. These deficiencies notwithstanding, there was a substantial amount of evidence to be considered, the ALJ's decision did carefully examine the evidence which was arguably most relevant to the period of time being considered, *i.e.,* before the plaintiff's insured status expired in March 2001, and did frame a discussion of the plaintiff's credibility in light of the objective evidence of a medical impairment. The other features of the Commissioner's disability determination, moreover, were not tainted with legal error or with the absence of substantial evidence. It is this court's view that these circumstances show that the Commissioner's position in the litigation was justified to a degree that could satisfy a reasonable person. The Commissioner has thus met its burden of showing that defending the ALJ's decision in this action was substantially justified.

Accordingly, the plaintiff's application for the award of attorney fees under the EAJA must be, and is now, **denied.**

**IT IS SO ORDERED**.

Date: 08/01/2005

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana